GEORGE L. HUMESTON, APPELLANT, *v.* ALEXANDER CHERRY, RESPONDENT.

*Conditional sale, title remaining in vendor—effect of the destruction of part of the property, before payment of the price.*

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court, without a jury.

The defendant Cherry agreed to sell to the plaintiff Humeston,

a certain pair of horses for $300 ; the title to remain in Cherry until payment of the price, notwithstanding their delivery. In fact, the horses remained in Cherry's stable, although they were used and controlled by Humeston. While they were there, and before anything had been paid on the price, one of them died. Some conversation was had about a new bargain, but none was made. And Humeston removed the dead horse, and took away the living one, without any change of terms. Afterwards it was agreed that Humeston (who kept a store) should sell goods to Cherry to be applied towards the payment of the purchase-price. On this arrangement Humeston sold Cherry groceries to the value of $163.80.

Afterwards, when the time agreed upon for the payment of the purchase-price of the horses arrived, Cherry demanded the balance of the $300, and upon Humeston refusing to pay it he re-took the horse. Humeston now sues for the goods thus sold.

The court, at General Term, said : " It is not necessary to decide what would have been the rights of the parties, as to any payments which might have been made before the death of the horse. Because, after the death of the horse, Humeston took away the living horse and removed the dead horse, and made a new and additional agreement for paying the purchase-price. We must, therefore, assume that, notwithstanding one of the horses was dead, Humeston elected to have the contract completed so far as it could be. *He may have thought the living horse worth the $300. It is not for him now to repudiate the contract on the ground (if that be a ground), that performance had become impossible by the death of one of the horses. It is to be regretted that courts have held that what are improperly called conditional sales of personal property, are valid. The doctrine that, on a sale of personal property, there can be a delivery, and yet that the vendor can retain title, is an evasion of the statute as to mortgages of personal property, and is contrary to good policy and to sound principle. But it is the law of this State.

" Then we have this state of things. Cherry was the owner of the horse, with a right to retake possession if Humeston did not pay at the time agreed. Humeston had made a part payment, and

refused to pay the balance. Cherry was justified in re-taking the horse. That did not necessarily violate or break the contract on Cherry's part. He has not refused to deliver the horse on receiving payment therefor. For anything that appears he is now willing to deliver the horse on being paid for it. He is not now bound to deliver it without payment.

"Thus Cherry has in his possession a horse which he has agreed to sell to Humeston for a certain price. Humeston has paid a part and refuses to pay the balance. He now sues to recover what he has paid, without showing either that he has offered to perform his part in full, or that Cherry has put it out of his own power to deliver the horse on receiving full payment. Humeston has no right of action at present.

"We purposely refrain from expressing any opinion as to the course which Humeston or Cherry may take to close the matter between them, and finally to settle their right.

"The judgment is affirmed, with costs."

A. Pond, for the appellant.

Burdick & Coon, for the respondent.

Opinion by LEARNED, P. J.; LANDON, J., dissenting.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs.